UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GARLAND RAY GREGORY, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS (D.O.C.) (Secretary of Corrections – Tim Reisch); JUDGE MICHELLE K. COMER, South Dakota Fourth Judicial Circuit, Official Capacity,<br><br>Defendants. | 4:21-CV-04184-KES<br><br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Garland Ray Gregory, Jr., an inmate at the Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Gregory leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 7. Gregory timely paid his initial filing fee on December 8, 2021. The court will now screen Gregory's complaint under 28 U.S.C. § 1915A.

I.    **1915A Screening**

   A.    **Factual Background**

The facts alleged in Gregory's complaint are: that the information in the criminal complaint on which he was charged and convicted was insufficient because it failed to establish subject-matter jurisdiction. Docket 1 ¶ 4.

Specifically, he alleges that the information failed to include the "agreement element" of the conspiracy to commit murder charge to which he ultimately pleaded guilty. *See* Docket 8 at 2-3; *see also* Docket 3-1 at 6-7 (showing that the information accused Gregory and another person of "conspir[ing] with each other to commit the offense of premeditated murder," but not stating that they agreed to commit that offense). He claims that his conviction and imprisonment are thus illegal. Docket 1 ¶ 4. He also claims that Judge Michelle K. Comer of the South Dakota Fourth Judicial Circuit violated his Sixth and Fourteenth Amendment rights when she denied his petition for writ of habeas corpus.[1] *Id.* ¶ 6; Docket 3-1 at 2.

  Gregory claims that his conviction and imprisonment are illegal. Docket 1 ¶ 7. He claims that the DOC has illegally collected incarceration fees from him. *Id.* ¶ 8. He also claims that his state habeas petition was unconstitutionally denied. *See id.* ¶ 12. Gregory asks this court to issue an order compelling the state of South Dakota to release him from confinement. *Id.* at 3. He seeks $1,000 per day in damages since December 12, 1979, and $3,000 per day since March 16, 2021, the date of Judge Comer's denial of his habeas petition. *Id.* He also seeks reimbursement of all fees that have been collected for his incarceration plus interest. *Id.*

---

[1] Gregory refers to this petition as a Rule 60(b) petition contesting his conviction. *See* Docket 1 ¶ 6.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2)

seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C.     Legal Analysis

#### 1.     Unlawful Incarceration Claims

Gregory claims that he is being unlawfully incarcerated. Docket 1 ¶ 7. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Gregory cannot challenge his confinement in a § 1983 claim. Further, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87 (footnote omitted). Gregory has not claimed that his conviction has been reversed, expunged, declared invalid, or called into question by the granting of a writ. *See* Docket 1 ¶¶ 1-12. Thus, Gregory cannot recover money damages, and his claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Claims Against Judge Comer

Gregory claims that Judge Comer violated his Sixth and Fourteenth Amendment rights when she denied his habeas petition. *See* Docket 1 ¶¶ 6, 12. Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57 (footnote omitted) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Judge Comer's denial of Gregory's state habeas petition is an action taken in her judicial capacity, and Gregory has made no showing that Judge Comer lacked jurisdiction over his petition. *See* Docket 1 ¶¶ 1-12; Docket 3-1 at 2. Thus, Gregory's claims again Judge Comer are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**D.    Strike Under 28 U.S.C. 1915(g)**

The court finds that Gregory's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Gregory's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Gregory's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That this action constitutes a strike against Gregory for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

3. That judgment is entered in favor of the state of South Dakota, the South Dakota Department of Corrections, and Judge Michelle K. Comer and against Gregory.

Dated December 21, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE